UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| *In re* | } | |
| BENJAMIN T. WOOD | } | Case No. 24-10660-KB |
| Debtor | } | Chapter 7 |

**_EX PARTE_ MOTION TO CONDUCT BR 2004 EXAMINATION**
**Pursuant to Bankruptcy Rules 2004 and 9016**

NOW COMES Creditor, Thomas Coneys Jr., an unsecured creditor (hereinafter sometimes referred to as "**TC**"), by and through his undersigned counsel, William J. Amann, Esq. of Amann Burnett, PLLC and hereby seeks leave to conduct B.R. 2004 examination(s) of the Debtor.

In support of this motion, Mr. Thomas Coneys, Jr. avers as follows:

## I. RELEVANT FACTS IN SUPPORT OF NEED FOR *EX PARTE* RELIEF:

1. The Debtor filed his Chapter 7 petition on September 27, 2024 (hereinafter "the Petition Date").

2. On October 29, 2024, the § 341 Examination was held, *via* Zoom.

3. On October 29, 2024, the Chapter 7 Trustee filed a Report of No Distribution stating as follows: Assets Abandoned (without deducting any secured claims): $ 0, Assets Exempt: $ 20,086.80, Claims Scheduled: $ 191,296.79, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $191,296.79.

4. Mr. Coneys Jr. is seeking this Examination to learn more about the Debtor's finances, pre-petition transfers, exemptions and handling of funds in connection with a construction project at TC's home at 17

Stiles Lane, Strafford, New Hampshire commencing on or about December 2021. For more detail concerning the construction project, see attached **EXHIBIT "A"** Verified Complaint filed on January 10, 2023 in Strafford County Superior Court, docket number 219-2023-CV-00011.

5. In a cursory review of the Debtor's Schedules and Statement of Financial Affairs, TC has some questions and document requests which are beyond the scope of the § 341 Examination which was already held and concluded.

6. The deadline for objecting to discharge is December 30, 2024.

## II. RELEVANT FACTS IN SUPPORT OF NEED FOR ADDITIONAL INFORMATION:

7. For all of the above-referenced cited reasons, Mr. Coneys, Jr. asserts that a BR 2004 examination is reasonably necessary for the protection of his legitimate equitable and legal interests. If this Motion is granted, Mr. Coneys, Jr. anticipates serving Requests for Document Production to the debtor and third-party entities referenced in the aforementioned Verified Complaint (Partner Bank and ASI Inspection Co.) involved with the construction project at TC's home. Lastly, depending upon what is produced, Mr. Coneys, Jr. expects and reserves the right to possibly holding a brief Deposition of the Debtor.

## III. STANDARD OF REVIEW

8. Fed. R. Bankr. P. 2004 permits any party in interest, upon motion, to examine an entity. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. The

examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor and any other matter relevant to the case or to the formulation of a plan.

9. Under Fed. R. Bankr. P. 2004, the movant must show some reasonable basis to examine the material sought to be discovered and that the requested documents are necessary to establish the movant's claim or that the denial of production would cause undue hardship or injustice. Good cause is established if the party in interest seeking the Fed. R. Bankr. P. 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests. Courts recognize that the permitted scope of a Rule 2004 examination is extremely broad. For example, in In re GHR Energy Corp., 33 B.R. 451 (Bankr. D. Mass.1983), the court stated:

> [T]he scope of a Rule 2004 examination is unfettered and broad. "In general, a large degree of latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealings, or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor . . . . The examination . . . is of necessity to a considerable extent a fishing expedition."

10. The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad." *In re* Table Talk, Inc., 51 B.R. 143, 145 (Bankr. Mass. 1985)(citing In re GHR Energy Corp., 33 B.R. 451, 453, 454 (Bankr. Mass. 1983) and *In re* GHR Companies, Inc., 41 B.R. 655, 660 (Bankr. Mass. 1984)). See also *In re* Kreiss, 46 B.R. 164, 165 (Bankr. E.D.N.Y. 1985) (citing *In re* Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983).

11. **STATEMENT OF CONCURRENCE:** Counsel emailed Debtor's counsel, for an assent to this Motion. As of the time of filing, assent was not obtained as Attorney Leming responded that he was unable to contact his client so therefore, he could not assent.

WHEREFORE, Mr. Coneys, Jr. respectfully requests that this Court:

A. Grant this motion forthwith to allow Mr. Thomas Coneys, Jr. to conduct reasonably, necessary discovery so he can protect his legal and equitable interests;

B. Grant any other relief the Court deems Mete, Just and Equitable.

Respectfully submitted,
Mr. Thomas Coneys, Jr.
By and through its attorneys,
AMANN BURNETT, PLLC

Date: December 4, 2024

/s/ William J. Amann, Esq.
BNH 05955
AMANN BURNETT, PLLC
757 Chestnut Street
Manchester, NH 03104
603-696-5404
wamann@amburlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused a copy of the foregoing document to be served upon all CM/ECF registered users as of today's date and the following parties either by ECF or U.S. Mail, pre-paid, first-class postage, pursuant to LBR's 2002-1, 5075-1, 7004 and 9014(b).

Date: December 4, 2024 By: /s/ William J. Amann

Leonard G. Deming, II
Deming Law Office
491 Amherst St., Suite 22
Nashua, NH 03063

Benjamin T. Wood, Sr.
10 University Drive
Nashua, NH 03063

Benjamin T. Wood, Sr.
20 University Drive
Nashua, NH 03063

Edmond J. Ford, Trustee
10 Pleasant St., Suite 400
Portsmouth, NH 03801-4551

Office of the U.S. Trustee
James C. Cleveland Building
53 Pleasant Street, Suite 2300
Concord, NH 03301

James Laquerre
8 Cross Street
Merrimack, NH 03054