Filed
File Date: 1/10/2023 2:01 PM
Strafford Superior Court
E-Filed Document

EXHIBIT A

STATE OF NEW HAMPSHIRE

STRAFFORD, SS

SUPERIOR COURT

219-2023-CV-00011

Thomas Coneys Jr.
17 Stiles Lane
Strafford, NH 03884

-v-

BTW Construction LLC
19 Charles Bancroft Highway
Litchfield, NH 03052

and

Benjamin T. Wood Sr.
19 Charles Bancroft Highway
Litchfield NH 03052

## COMPLAINT

**Now Comes** the Plaintiff, Thomas Coneys Jr. by and through his attorney, David H. Colby, of the Coolidge Law Firm PLLC, 98 High Street, Somersworth, New Hampshire, and complains against BTW Construction LLC, which **is not** a duly listed domestic Limited Liability Company, under the laws of the State of New Hampshire. BTW Construction lists a place of business located at 19 Charles Bancroft Highway, Litchfield, NH 03852 and Benjamin T. Wood Sr. an individual who resides at 19 Charles Bancroft Highway, Litchfield NH. In support thereof states as follows:

## I. PARTIES:

1. The Plaintiff, Thomas Coneys Jr., (Coneys) of 17 Stiles Lane, Strafford, County of Strafford in the State of New Hampshire 03884.

2. The Defendant, BTW Construction LLC, (BTW), **is not** a duly listed domestic

Limited Liability Company, under the laws of the State of New Hampshire. BTW Construction, on its letter head, lists its place of business as 19 Charles Bancroft Highway, Litchfield, NH 03052.

3. Benjamin T. Wood Sr. (Wood) as individual and owner of BTW Construction, residing at 19 Charles Bancroft Highway, Alton NH 03052.

## II. VENUE:

4. The venue is proper, as the subject property where the work was performed is in the town of Strafford New Hampshire, located within the County of Strafford, placing the claim within the jurisdiction of the Superior Court.

## III. COMPLAINT AND DEMAND FOR JURY TRIAL:

### BACKGROUND

5. On or about December 21, 2021, Coneys contracted with BTW, through its owner and representative Wood, to build a detached garage with a year-round in-law apartment above the garage.

6. Wood held out his company BTW Construction as a duly registered LLC that had been doing work in the Southern NH area since 2012, with a "Personalized Approach" and "Excellence and Professionalism" as well as "Insured and Guaranteed."

7. Wood held himself out to be the owner of BTW Construction LLC. This was printed on his letter head and his contract paperwork. He listed his address as 19 Charles Bancroft Highway in Litchfield, NH. The mast head list a website btwconstruction.net, and an email address of btwallllc@gmail.com with a phone number of (603) 732-8666.

8. After a search on the NH Secretary of State business look up, there is no duly register LLC in the State of NH as BTW Construction LLC. There is a BTWall Construction LLC, that was formed in 2017 and administratively dissolved on September 1, 2022. The manager was listed as Benjamin T. Wood Sr., at 19 Charles Bancroft Highway, Litchfield, NH. With an email address listed as BTWallLLC@gmail.com and a phone number of (603) 851-2245.

9. The quoted price for the construction of the new garage, apartment and sitework was estimated at $234,352.50.

10. The construction project was financed by Partners Bank in Sanford Maine. A third-party inspection company, ASI, was hired to inspect work prior to the bank processing any progress payments to BTW Construction.

11. The construction started in earnest in December of 2021. With sitework, excavation and foundation work.

12. During the construction process Coneys found that BTW and Wood were not using materials as specified in the contract.

13. There was no vapor barrier installed prior to pouring the concrete pad in the garage as called for in the contract.

14. In several areas of the construction BTW and Wood contracted to use Advan Tech sub flooring and instead used Oriented Strand Board (OSB) from Georgia Pacific, which is a less expensive product.

15. On or around July 19, 2022, Mr. Coneys became concerned with some of the quality of the work that was performed on the property because of electrical problems that he was having.

16. Mr. Coneys found that his electrical system would not support plugging in an air conditioning unit without causing the breakers to trip and turn the power off.

17. On July 22, 2022, Coneys called Wood at BTW Construction about the issue. Wood told Coneys that he would contact his electrician and have the electrician from Jolt call Coneys directly.

18. On or about July 27, 2022, Coneys was contacted by the electrician from Jolt Electrical and was told that the wiring was to code and that if Coneys did not pay, the electrician stated that he would put a lien on Coneys's property.

19. On July 27, 2022, Coneys sent a formal written demand to Wood stating that there was a construction defect with the electrical system and requested that this be addressed.

20. On August 27, 2022, Wood sent an email outlining his position, disagreeing with Coneys, about the situation and wrote: *"If you feel the need to take the actions stated in your last email, go ahead. I'm not fighting with you anymore. This could have had a much different outcome."*

21. On August 29, 2022, Coneys sent an email to Wood in response to his email. Coneys advised Wood that per the contract, he would be looking for an arbitrator to resolve this dispute.

22. On September 7, 2022, Coneys sent Wood the name of an arbitrator to enforce the arbitration clause of the contract and requested that he contact the arbitrator.

23. On September 14, 2022, Wood responded to Coneys demand to go to arbitration stating: *"If, and I mean if, I decide to move forward with mediation, it will be under full disclosure prior to mediation. I have another idea that I am working on that might save both of us a headache and a bunch of money. So, for now it is still an "if"'*

24. As of the date of this filing Wood has refused to participate in arbitration or return to the job site to correct or finish his contractual commitment.

**COUNT 1:**

**BREACH OF CONTRACT (ALL DEFENDANTS)**

25. The allegations stated above are incorporated herein by reference to the paragraphs above.

26. BTW and Wood breached the contract and is thereby obligated to pay the Plaintiff's damages.

27. The express condition of the contract reads: "In the event of a disagreement regarding the execution of the terms of the contract the parties will resolve it through arbitration."

28. By refusing to finish the work at the residence, fix the problems with the electrical system and refusing to participate in arbitration, Wood and BTW have breached the contract.

**COUNT 2:**

**BREACH OF GOOD FAITH AND FAIR DEALING**

**(ALL DEFENDANTS)**

29. The allegations stated above are incorporated herein by reference to the paragraphs above.

30. Under New Hampshire law, there exists an obligation of good faith and fair dealing in every contract, including contracts for services, according to which neither party shall do anything contrary to the parties' agreed-upon common purpose and justified expectation.

31. Wood knew that Coneys was looking for a completed garage with an in-law apartment.

32. Defendant's failure to perform the work as promised, his use of substitute materials from what was specified in the contract, and his refusal to honor his two-year warranty violates the covenant of good faith and fair dealing.

33. As a result, the Plaintiff is entitled to damages.

**COUNT 3:**

**VIOLATION OF CONSUMER PROTECTION ACT, RSA 358-A**

**(ALL DEFENDANTS)**

34. The allegations stated above are incorporated herein by reference to paragraphs above.

35. If BTW Construction is an LLC, it is a "person" as defined by the NH RSA 358-A:1, I.

36. BTW and Wood represented that BTW Construction LLC was a duly listed domestic Limited Liability Company, under the laws of the State of New Hampshire.

37. BTW and Wood knew or should have known that BTW Construction LLC was not a listed LLC when contracting with Coneys.

38. BTW and Wood knew or should have known that all those representations were false and violated its obligations under the New Hampshire Consumer Protection Act.

39. BTW and Wood knew that it did not perform services in accordance with its representations and repeatedly performed substandard work and used substitute materials.

40. BTW and Wood's actions constitute unfair and deceptive business practices that occurred in "trade" or "commerce" as defined by RSA 358-A.

41. As a result, the Plaintiff is entitled to damages, multiple damages, and attorneys' fees and costs as provided under RSA 358-A.

**COUNT 4:**
**NEGLIGENT MISREPRESENTATION**
**(ALL DEFENDANTS)**

42. The allegations stated above are incorporated herein by reference to paragraphs above.

43. BTW and Wood gave the Plaintiff a written estimate with a list of specific materials that would be used in the construction of the new garage and in-law apartment.

44. BTW and Wood assured the Plaintiff that it would be installing the materials as specified in the contract.

45. BTW and Wood made representations as to higher quality materials carelessly, or without reasonable grounds to believe it was true, to induce Coneys to reasonably rely on BTW and Wood's representations.

46. Coneys, in reliance of the representations that BTW and Wood made, acted on those representations, and contracted with BTW and Wood to build a new garage and in-law apartment.

47. The result of relying on BTW and Wood's representations was the legal cause of Coneys sustaining damage in the amount of $80,331,.72 to fix the issues that BTW and Wood built and installed incorrectly and bring the electrical system to code.

48. As a result, the Plaintiff is entitled to damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Thomas Coneys respectfully requests that the Court:

A. Enter judgment against Defendant BTW Construction on all counts;

B. Enter judgment against Defendant Benjamin T. Wood Sr. on all counts;

C. Award Plaintiff, Thomas Coneys, damages in the amount of $80,331.72.

D. Award Plaintiff, Thomas Coneys, multiple damages, attorneys' fees, costs; and

E. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Thomas Coneys demands a trial by jury on all claims so triable.

Date: January 9, 2023

Thomas Coneys Jr.,

**VERIFICATION**

State of New Hampshire
Strafford, ss.

On this day Mr. Thomas Coneys Jr. appeared and signed before me and took oath that the facts stated in this document are true, to the best of his knowledge and belief.

Date: January 9, 2023

Justice of the Peace / ~~Notary Public~~
Type/Print Name: David H. Colby, Esq.
Commission Expires: 3/24/2026

DAVID H. COLBY
Justice of the Peace - New Hampshire
My Commission Expires March 24, 2026

Respectfully submitted,
Thomas Coneys Jr.,
By and through his attorneys,
THE COOLIDGE LAW FIRM, PLLC

Dated: January 9, 2023

David H. Colby, Esquire
NH Bar ID (#20586)
98 High Street, Somersworth, NH 03878
Telephone 603-692-4282
david@coolidgelawfirm.com